2010 OK CIV APP 140

**Perry L. JONES, III, Individually and on behalf of all other similar situated tipped hourly employees of defendant, Plaintiff/Appellant,**

v.

**OS RESTAURANT SERVICES, INC., Defendant/Appellee.**

**No. 108,405.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 22, 2010.

David Humphreys, Luke Wallace, Paul Catalano, J. Vince Hightower, Humphreys Wallace Humphreys, P.C., Tulsa, OK, for Plaintiff/Appellant.

Kathy R. Neal, McAfee & Taft, Tulsa, Oklahoma, and Marquis W. Heilig, Kevin D. Johnson, Thompson, Sizemore, Gonzales, & Hearing, P.A., Tampa, Florida, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 Plaintiff/Appellant, Perry L. Jones, III (Employee), seeks review of the trial court's order granting summary judgment in favor of Defendant/Appellee, OS Restaurant Services, Inc. (Restaurant), in Employee's action for underpayment of minimum wage. At issue is whether Restaurant is an employer as defined in the Oklahoma Minimum Wage Act, 40 O.S.2001 § 197.4(d). We hold the statute excludes Employer from its coverage and affirm.

¶2 The following facts are uncontested. Employee was a food server at Outback Steakhouse (Tulsa Outback) in Tulsa, Oklahoma. Restaurant is a restaurant management company that provides staff and management to restaurants, including the Tulsa Outback, among others. Restaurant paid Employee $2.13 for each hour he worked at the Tulsa Outback. Employee earned at least $30.00 per month in tips, which covered the difference between the $2.13 cash wage he received and the federal minimum wage of $7.25. Restaurant purchased the equipment used and food served at the Tulsa Outback from Texas companies. Restaurant paid Employee and other employees via intercompany transfers from Outback Steakhouse of Florida, LLC., and the total wages it paid to employees well exceeded $500,000.00 per year from 2006 to 2009.

¶3 Both Employee and Restaurant moved for summary judgment. Employee argued the Oklahoma Minimum Wage Act (Act) requires employers in the state to pay employees no less than the federal minimum wage, but allows employers a "tip credit" towards the minimum wage by providing as follows:

> To compute the minimum wage of any employee coming within the purview of this act, credit toward the minimum required wage must be given for any tips or gratuities, meals or lodging received by the employee up to but not exceeding fifty percent (50%) of said wage.

40 O.S.2001 § 197.16. If the tip credit is limited to fifty percent of the minimum wage of $7.25, the minimum wage for a tipped employee in Oklahoma is $3.63 per hour. The federal Fair Labor Standards Act (FLSA) allows states to establish their own minimum wage, and employers must comply with the higher of the two. 29 U.S.C. § 218(a).

¶4 Restaurant argued the Act's definition of "employer" excluded Restaurant from coverage because it was subject to and complying with the FLSA. The Act provides,

> "Employer" means any individual, partnership, association, corporation, business trust, or any person or group of persons, hiring more than ten full-time employees or equivalent at any one location or place of business; provided, however, if an employer has less than ten full-time employees or equivalent at any one location or place of business but does a gross business of more than One Hundred Thousand Dollars ($100,000.00) annually, said employer shall not be exempt under the provisions of this act.
>
> This act shall not apply to employers subject to the Fair Labor Standards Act of

1938, as amended, and who are paying the minimum wage under the provisions of said act, nor to employers whose employees are exempt under paragraph (e) of this section.

40 O.S.2001 § 197.4(d).

¶ 5 The FLSA requires employers to pay minimum wage to employees who are "employed in an enterprise engaged in commerce." 29 U.S.C. § 206. An enterprise engaged in commerce includes one that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and whose annual gross volume of sales made or business done is not less than $500,000.00. 29 U.S.C. § 203(s)(1)(A)(i) and (ii). The FLSA allows employers to meet the minimum wage obligation to employees who earn more than $30.00 per month in tips by paying only $2.13 per hour in cash wages, provided the tipped employee earns tips sufficient to cover the remaining $5.12 per hour. 29 U.S.C. §§ 203(m) and (t), and 206(a)(1). Restaurant asserts it met the requirements to be an enterprise covered by the FLSA and paid the minimum wage required by the FLSA.

¶ 6 In response, Employee argued Restaurant did not pay the minimum wage required by the FLSA because 29 U.S.C. § 218 required it to pay the higher of the federal or state law mandated minimum wage to tipped workers. Employee also argued he was not an excluded employee under 40 O.S.2001 § 197.4(e)(7), which excluded from the Act's coverage "[a]ny employee of any employer who is subject to the provisions of any Federal Fair Labor Standards Act or to any Federal Wage and Hour Law now in effect or enacted hereafter; and who is paying the minimum wage under the provisions of this act," because Restaurant did not pay the Oklahoma minimum wage. In addition, Employee argued the U.S. Department of Labor has interpreted Oklahoma law to require a $3.63 cash wage to tipped employees in Oklahoma, and as a matter of public policy the higher minimum wage should be enforced because the federal minimum wage for tipped employees has been frozen since 1991 at $2.13 per hour.

¶ 7 The trial court granted summary judgment in favor of Restaurant. Employee appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053.

¶ 8 The definition of employer in 40 O.S. 2001 § 197.4(d) controls this matter. The second paragraph of the subsection excludes from the Act's application "employers subject to the Fair Labor Standards Act of 1938, as amended, and who are paying the minimum wage under the provisions of said act, nor to employers whose employees are exempt under paragraph (e) of this section." As an enterprise engaged in interstate commerce with gross sales exceeding $500,000.00 per year, Restaurant is subject to the FLSA. Restaurant is paying the minimum wage of $2.13 plus tip credit as required by the FLSA. Therefore, Restaurant is excluded from the application of the Act. We need not consider whether Employee is an exempt employee under the second clause of the second paragraph. We cannot speculate why the U.S. Department of Labor has instructed otherwise, nor why the Oklahoma Legislature has excused large employers from the higher minimum wage requirement it has placed on small businesses.

¶ 9 For the foregoing reasons, the trial court's judgment is AFFIRMED.

HETHERINGTON, J., and MITCHELL, J. (sitting by designation), concur.